## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KENNETH WATKINS** | **NO. 3:CV-16-2049** |
| **Plaintiff,** | |
| **v.** | |
| **GWALTNEY OF SMITHFIELD, LTD. t/a GWALTNEY FOODS; SMITHFIELD PACKING CO., INC.; SMITHFIELD FOODS, INC.; WAL-MART STORES, INC t/a WALMART, Defendants** | **CIVIL ACTION - LAW** **ELECTRONICALLY FILED** |

### ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANTS GWALTNEY OF SMITHFIELD, LTD. T/A GWALTNEY FOODS; SMITHFIELD PACKING CO., INC.; SMITHFIELD FOODS, INC.; WAL-MART STORES, INC T/A WALMART TO PLAINTIFF'S COMPLAINT

AND NOW, come Defendants, GWALTNEY OF SMITHFIELD, LTD. t/a GWALTNEY FOODS; SMITHFIELD PACKING CO., INC.; SMITHFIELD FOODS, INC.; WAL-MART STORES, INC t/a WALMART (hereinafter referred to as "Answering Defendants") by and through their counsel, Dickie, McCamey & Chilcote, P.C., and responds to the Plaintiff's Complaint as follows:

1.      Denied. After reasonable investigation, Answering Defendants is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies

same and demands strict proof thereof at time of trial, if deemed material. In the alternative, this allegation is specifically and unequivocally denied.

2.     Admitted.

3.     Admitted.

4.     Admitted.

5.     Denied.  The averments contained in this paragraph refer to a defendant other than the Answering Defendants.  Accordingly, no affirmative response is required.  To the extent an affirmative response may be required, said averments are specifically and unequivocally denied and strict proof thereof is demanded at the time of trial if deemed material. In the alternative, this allegation is specifically and unequivocally denied.

6.     Admitted.

7.     Denied.  The averments of this paragraph are specifically and unequivocally denied and strict proof thereof is demanded at the time of trial if deemed material.  In the alternative, this allegation is specifically and unequivocally denied.

8.     Denied.  This allegation is denied as a conclusion of law.  In the alternative, it is specifically and unequivocally denied strict proof thereof is demanded at the time of trial if deemed material.

9.     Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at time of trial, if deemed material. In the alternative, this allegation is specifically and unequivocally denied.

10.    Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at time of trial, if deemed material. In the alternative, this allegation is specifically and unequivocally denied.

11.    Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at time of trial, if deemed material. In the alternative, this allegation is specifically and unequivocally denied.

12.     Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at time of trial, if deemed material. In the alternative, this allegation is specifically and unequivocally denied.

WHEREFORE, Defendants, Gwaltney of Smithfield, Ltd. t/a Gwaltney Foods; Smithfield Packing Co., Inc.; Smithfield Foods, Inc., Wal-Mart Stores, Inc. t/a Walmart, respectfully judgement in their favor and against the Plaintiff, together with all allowable fees and costs.

## COUNT I
### (Plaintiff vs. All Defendants)
### NEGLIGENCE

13.     Answering Defendants hereby incorporate by reference as if set forth more fully herein, their responses to 1 through 12 above.

14.     Denied. The averments contained in this paragraph are conclusions of law to which no affirmative response is required. To the extent an affirmative response may be required, said averments are specifically and unequivocally denied and strict proof thereof is demanded at time of trial if deemed material.  By way of further response, Answering Defendants acted

reasonably, properly and prudently at all times material hereto, and incorporates by reference as if fully set forth herein, its affirmative defenses appearing below.

15. Denied. The averments contained in this paragraph are conclusions of law to which no affirmative response is required. To the extent an affirmative response may be required, said averments are specifically and unequivocally denied and strict proof thereof is demanded at time of trial if deemed material. By way of further response, Answering Defendants acted reasonably, properly and prudently at all times material hereto, and incorporates by reference as if fully set forth herein, its affirmative defenses appearing below.

16. Denied. The averments contained in this paragraph are conclusions of law to which no affirmative response is required. To the extent an affirmative response may be required, said averments are specifically and unequivocally denied and strict proof thereof is demanded at time of trial if deemed material. In the alternative, this allegation is specifically and unequivocally denied.

17. Denied. The averments contained in this paragraph are conclusions of law to which no affirmative response is required. To the extent

an affirmative response may be required, said averments are specifically and unequivocally denied and strict proof thereof is demanded at time of trial if deemed material. In the alternative, this allegation is specifically and unequivocally denied.

18.     Denied. The averments contained in this paragraph are conclusions of law to which no affirmative response is required. To the extent an affirmative response may be required, said averments are specifically and unequivocally denied and strict proof thereof is demanded at time of trial if deemed material. In the alternative, this allegation is specifically and unequivocally denied.

19.     Denied. The averments contained in this paragraph are conclusions of law to which no affirmative response is required. To the extent an affirmative response may be required, said averments are specifically and unequivocally denied and strict proof thereof is demanded at time of trial if deemed material.  In the alternative, this allegation is specifically and unequivocally denied.

20.     Denied. The averments contained in this paragraph are conclusions of law to which no affirmative response is required. To the extent an affirmative response may be required, said averments are specifically and

unequivocally denied and strict proof thereof is demanded at time of trial if deemed material. In the alternative, this allegation is specifically and unequivocally denied.

WHEREFORE, Defendants, Gwaltney of Smithfield, Ltd. t/a Gwaltney Foods; Smithfield Packing Co., Inc.; Smithfield Foods, Inc., Wal-Mart Stores, Inc. t/a Walmart, respectfully judgement in their favor and against the Plaintiff, together with all allowable fees and costs.

## COUNT II

**(Plaintiff vs. All Defendants)**

### NEGLIGENCE
**(Res Pisa Loquitur)**

21.     Answering Defendants hereby incorporate by reference as if set forth more fully herein, their responses to 1 through 19 above.

22.     Denied. The averments contained in this paragraph are conclusions of law to which no affirmative response is required. To the extent an affirmative response may be required, said averments are specifically and unequivocally denied and strict proof thereof is demanded at time of trial if deemed material. By way of further response, Answering Defendants acted reasonably, properly and prudently at all times material hereto, and

incorporates by reference as if fully set forth herein, its affirmative defenses appearing below.

23.     Denied. The averments contained in this paragraph are conclusions of law to which no affirmative response is required. To the extent an affirmative response may be required, said averments are specifically and unequivocally denied and strict proof thereof is demanded at time of trial if deemed material.  By way of further response, Answering Defendants acted reasonably, properly and prudently at all times material hereto, and incorporates by reference as if fully set forth herein, its affirmative defenses appearing below.

24.     Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at time of trial, if deemed material. In the alternative, this allegation is specifically and unequivocally denied. By way of further response, Answering Defendants acted reasonably, properly and prudently at all times material hereto, and incorporates by reference as if fully set forth herein, its affirmative defenses appearing below.

25.     Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at time of trial, if deemed material. In the alternative, this allegation is specifically and unequivocally denied. By way of further response, Answering Defendants acted reasonably, properly and prudently at all times material hereto, and incorporates by reference as if fully set forth herein, its affirmative defenses appearing below.

26.     Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at time of trial, if deemed material. In the alternative, this allegation is specifically and unequivocally denied. By way of further response, Answering Defendants acted reasonably, properly and prudently at all times material hereto, and incorporates by reference as if fully set forth herein, its affirmative defenses appearing below.

27.     Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at time of trial, if deemed material. In

the alternative, this allegation is specifically and unequivocally denied. By way of further response, Answering Defendants acted reasonably, properly and prudently at all times material hereto, and incorporates by reference as if fully set forth herein, its affirmative defenses appearing below.

28.     Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at time of trial, if deemed material. In the alternative, this allegation is specifically and unequivocally denied. By way of further response, Answering Defendants acted reasonably, properly and prudently at all times material hereto, and incorporates by reference as if fully set forth herein, its affirmative defenses appearing below.

WHEREFORE, Defendants, Gwaltney of Smithfield, Ltd. t/a Gwaltney Foods; Smithfield Packing Co., Inc.; Smithfield Foods, Inc., Wal-Mart Stores, Inc. t/a Walmart, respectfully judgement in their favor and against the Plaintiff, together with all allowable fees and costs.

## COUNT III

## (Plaintiff vs. All Defendants)

## 402(a) – STRICT LIABILITY

29.     Answering Defendants hereby incorporate by reference as if set forth more fully herein, their responses to 1 through 28 above.

30.     Denied. The averments contained in this paragraph are conclusions of law to which no affirmative response is required. To the extent an affirmative response may be required, said averments are specifically and unequivocally denied and strict proof thereof is demanded at time of trial if deemed material.  By way of further response, the subject product was reasonably fit for its intended purposes at all times material hereto.  By way of further responses, Answering Defendants incorporate by reference as if fully set forth herein, its affirmative defenses appearing below.

31.     Denied. The averments contained in this paragraph are conclusions of law to which no affirmative response is required. To the extent an affirmative response may be required, said averments are specifically and unequivocally denied and strict proof thereof is demanded at time of trial if deemed material.  By way of further response, the subject product was reasonably fit for its intended purposes at all times material hereto.  By way of

further responses, Answering Defendants incorporate by reference as if fully set forth herein, its affirmative defenses appearing below.

32. Denied. The averments contained in this paragraph are conclusions of law to which no affirmative response is required. To the extent an affirmative response may be required, said averments are specifically and unequivocally denied and strict proof thereof is demanded at time of trial if deemed material. By way of further response, the subject product was reasonably fit for its intended purposes at all times material hereto. By way of further responses, Answering Defendants incorporate by reference as if fully set forth herein, its affirmative defenses appearing below.

33. Denied. The averments contained in this paragraph are conclusions of law to which no affirmative response is required. To the extent an affirmative response may be required, said averments are specifically and unequivocally denied and strict proof thereof is demanded at time of trial if deemed material. By way of further response, the subject product was reasonably fit for its intended purposes at all times material hereto. By way of further responses, Answering Defendants incorporate by reference as if fully set forth herein, its affirmative defenses appearing below.

34.    Denied.   The   averments   contained   in   this   paragraph   are conclusions of law to which no affirmative response is required. To the extent an affirmative response may be required, said averments are specifically and unequivocally denied and strict proof thereof is demanded at time of trial if deemed material.   By way of further response, the subject product was reasonably safe for its intended purposes at all times material hereto.  By way of further responses, Answering Defendants incorporate by reference as if fully set forth herein, its affirmative defenses appearing below.

35.    Denied.   The   averments   contained   in   this   paragraph   are conclusions of law to which no affirmative response is required. To the extent an affirmative response may be required, said averments are specifically and unequivocally denied and strict proof thereof is demanded at time of trial if deemed material.   By way of further response, the subject product was reasonably safe for its intended purposes at all times material hereto.  By way of further responses, Answering Defendants incorporate by reference as if fully set forth herein, its affirmative defenses appearing below.

36.    Denied.   The   averments   contained   in   this   paragraph   are conclusions of law to which no affirmative response is required. To the extent an affirmative response may be required, said averments are specifically and

unequivocally denied and strict proof thereof is demanded at time of trial if deemed material. By way of further response, the subject product was reasonably safe for its intended purposes at all times material hereto. By way of further responses, Answering Defendants incorporate by reference as if fully set forth herein, its affirmative defenses appearing below.

37. Denied. The averments contained in this paragraph are conclusions of law to which no affirmative response is required. To the extent an affirmative response may be required, said averments are specifically and unequivocally denied and strict proof thereof is demanded at time of trial if deemed material. By way of further response, the subject product was reasonably safe for its intended purposes at all times material hereto. By way of further responses, Answering Defendants incorporate by reference as if fully set forth herein, its affirmative defenses appearing below.

38. Denied. The averments contained in this paragraph are conclusions of law to which no affirmative response is required. To the extent an affirmative response may be required, said averments are specifically and unequivocally denied and strict proof thereof is demanded at time of trial if deemed material. By way of further response, the subject product was reasonably safe for its intended purposes at all times material hereto. By way

of further responses, Answering Defendants incorporate by reference as if fully set forth herein, its affirmative defenses appearing below.

WHEREFORE, Defendants, Gwaltney of Smithfield, Ltd. t/a Gwaltney Foods; Smithfield Packing Co., Inc.; Smithfield Foods, Inc., Wal-Mart Stores, Inc. t/a Walmart, respectfully judgement in their favor and against the Plaintiff, together with all allowable fees and costs.

## COUNT IV
### (Plaintiff vs. All Defendants)
### BREACH OF WARRANTY

39.     Answering Defendants hereby incorporate by reference as if set forth more fully herein, their responses to 1 through 38 above.

40.     Denied. The averments contained in this paragraph are conclusions of law to which no affirmative response is required. To the extent an affirmative response may be required, said averments are specifically and unequivocally denied and strict proof thereof is demanded at time of trial if deemed material.  In the alternative, it is specifically and unequivocally denied that the Plaintiff's injuries, if any, were proximately caused by Defendant's breach of warranty for a particular purpose, merchantability and other express and implied warrantees pursuant to the Uniform Commercial Code

and the common law, the breach thereof is specifically and unequivocally denied. By way of further response, Answering Defendants acted reasonably, properly and prudently at all times material hereto, and incorporates by reference as if fully set forth herein, its affirmative defenses appearing below.

41. Denied. The averments contained in this paragraph are conclusions of law to which no affirmative response is required. To the extent an affirmative response may be required, said averments are specifically and unequivocally denied and strict proof thereof is demanded at time of trial if deemed material. In the alternative, it is specifically and unequivocally denied that the Plaintiff's injuries, if any, were proximately caused by Defendant's breach of warranty for a particular purpose, merchantability and other express and implied warrantees pursuant to the Uniform Commercial Code and the common law, the breach thereof is specifically and unequivocally denied. By way of further response, Answering Defendants acted reasonably, properly and prudently at all times material hereto, and incorporates by reference as if fully set forth herein, its affirmative defenses appearing below.

WHEREFORE, Defendants, Gwaltney of Smithfield, Ltd. t/a Gwaltney Foods; Smithfield Packing Co., Inc.; Smithfield Foods, Inc., Wal-Mart Stores,

Inc. t/a Walmart, respectfully judgement in their favor and against the Plaintiff, together with all allowable fees and costs.

### FIRST AFFIRMATIVE DEFENSE

Answering Defendants specifically and unequivocally deny any allegation in the Plaintiff's Complaint not specifically admitted above.

### SECOND AFFIRMATIVE DEFENSE

Answering Defendant acted reasonably, properly, and prudently at all times material hereto.

### THIRD AFFIRMATIVE DEFENSE

At all times material hereto, the subject product was reasonably safe for its intended use.

### FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, the subject product may have been altered after it left the care, custody or control of Answering Defendants.

### FIFTH AFFIRMATIVE DEFENSE

At all times material hereto, Answering Defendants complied with any warranties relating to the subject product or otherwise pursuant to applicable law.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim against the Defendants upon which relief can be granted.

### SEVENTH AFFIRMATIVE DEFENSE

In the event the product described in Plaintiffs' Complaint is found to be in a defective condition unreasonably dangerous, which Defendant denies, the dangerous nature of the product was not known and could not reasonably be discovered at the time the product was placed into the stream of commerce.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant complied with the state of the art, and the Plaintiff has failed to state a claim for relief upon which relief can be granted.

### NINTH AFFIRMATIVE DEFENSE

If Plaintiffs are entitled to damages, which Defendant denies, and furthermore if discovery reveals that Plaintiffs were comparatively at fault, Plaintiff's claims are barred and/or limited as a matter of law.

### TENTH AFFIRMATIVE DEFENSE

The sole and proximate cause of Plaintiffs' injuries and damages, if any, were the acts or omissions of other parties over whom the answering Defendants had no control, some or all of whom may have caused or

contributed to cause the product to be unreasonably dangerous when put to a reasonably anticipated use.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant denies privity between Plaintiffs and Defendants, and demands strict proof at the time of trial.

## TWELFTH  AFFIRMATIVE DEFENSE

If  Plaintiffs have sustained damages, which Defendant denies, the sole proximate cause of the alleged damages resulted from causes other than the subject product, including but not limited to pre-existing and after-occurring conditions.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant states that it made no warranties, expressed or implied, to Plaintiffs.

## FOURTEENTH  AFFIRMATIVE DEFENSE

For further answer and defense, Defendant states that it made no warranties, expressed or implied, that were relied upon by Plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs did not timely notify Defendants of any alleged breach of warranty.

## SIXTEENTH  AFFIRMATIVE DEFENSE

The product was not defective at the time it left Defendants' custody and control.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The product described in Plaintiffs' Complaint, upon information and belief,  was designed, manufactured, packaged and represented to be in accordance with industry standards and available scientific, medical and technological state of the art knowledge.

## EIGHTEENTH  AFFIRMATIVE DEFENSE

To the extent Plaintiffs have sustained any injury or damages, which Defendants deny, the superseding and intervening acts of a third party, for which  Defendants are not liable, caused such injuries and damages.

## NINETEENTH  AFFIRMATIVE DEFENSE

Defendants  did not make or supply any material or false representation to Plaintiffs upon which they relied which caused damages to Plaintiffs.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages violates the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the Constitution of the United States of America, and Article I, § 10, Article I, § 19, Article I, §18a, Article I, § 21..

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants reserve the right and gives notice that they intends to rely upon and invoke any other defenses that may become available or appear during the proceedings in this lawsuit, and reserve this right to amend and/or supplement this Answer to include any such defense.

WHEREFORE, Defendants, Gwaltney of Smithfield, Ltd. t/a Gwaltney Foods; Smithfield Packing Co., Inc.; Smithfield Foods, Inc., Wal-Mart Stores, Inc. t/a Walmart, respectfully judgement in their favor and against the Plaintiff, together with all allowable fees and costs.

Respectfully submitted,

**DICKIE, McCAMEY & CHILCOTE, P.C.**

Date: <u>October 20, 2016</u>

By: <u>/s/ Charles E. Haddick, Jr.</u>
Charles E. Haddick, Jr., Esquire
Attorney ID No. 55666
Christine L. Line, Esquire
Attorney ID No. 93257
Plaza 21, Suite 302
425 North 21st Street
Camp Hill, PA 17011-2223
717-731-4800
*Attorney for Defendants, Gwaltney of Smithfield, Ltd. t/a Gwaltney Foods; Smithfield Packing Co., Inc.; Smithfield Foods, Inc.*

## CERTIFICATE OF SERVICE

AND NOW, October 20, 2016, I, Charles E. Haddick, Jr., Esquire, hereby certify that I did file the foregoing via ECF filing, and a true and correct copy is available for viewing by the following counsel of record:

**By ECF:**

Scott E. Schermerhorn, Esquire
The Ritz Building
222 Wyoming Avenue
Scranton, PA 18503
 *(Counsel for Plaintiff)*

Date: October 20, 2016    By:    <u>/s/ Charles E. Haddick, Jr., Esquire</u>

*This document has also been electronically filed and is available for viewing and downloading from the ECF system.*